# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 3550 | **DATE** | 9/10/2004 |
| **CASE TITLE** | In Re: Robert G. Lauritsen | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Status hearing set for 09/22/04 is reset to 10/26/04 at 9:00 a.m. For the reasons stated in the attached memorandum opinion, plaintiff's petition for exoneration from or limitation of liability pursuant to 46 U.S.C. App. §§ 183, 185 is denied. The damage-claimant The Estate of Larry A. Lauritsen's motion regarding supplemental Rule F proceedings is granted. The plaintiff is given leave until 10/21/04 to file an amended complaint. All other pending motions are denied as moot. Enter Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | SEP 1 3 2004 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | docketing deputy initials | 14 |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| MW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Minute Order Form (06/97)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF: )
)
)
THE PETITION OF ) No. 04 C 3550
ROBERT G. LAURITSEN, AS THE )
OWNER OF A 2002 18FT TRACKER, )
TUNDRA POWER VESSEL, FOR )
EXONERATION FROM OR )
LIMITATION OF LIABILITY, )
)
Petitioner. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Robert G. Lauritsen's petition for exoneration from or limitation of liability pursuant to 46 U.S.C.App. §§ 183, 185. This matter is also before the court on Damage-Claimant The Estate of Larry A. Lauritsen's ("Estate") motion regarding Supplemental Rule F proceedings. For the reasons stated below, we grant the Estate's motion and deny Plaintiff's motions.

## BACKGROUND

Plaintiff alleges that he is the owner of a 2002, 18 foot, Tracker Tundra power vessel. On July 28, 2003, the vessel was on Lake Erie. According to Plaintiff,

around 8 a.m. Larry Lauritsen, a passenger on the vessel, fell overboard and drowned. Plaintiff has come before this court seeking exoneration from or limitation of liability pursuant to 46 U.S.C.App. § 183(a), 185 of the Limitation of Shipowner's Liability Act. In accordance with Section 185 Plaintiff has deposited the vessel in question with International Fidelity Insurance Company ("Fidelity") and Plaintiff contends that Fidelity has agreed to act as the surety for payment of the value of the vessel, its freight, and cargo, totaling $25,000.00. Plaintiff claims that he has provided the letter of undertaking which serves as the required bond in the amount of the vessel, plus six percent yearly interest. Having filed the above mentioned security, Plaintiff asks the court to approve the $25,000 figure as the value of his vessel and approve the undertaking by Fidelity. Plaintiff also seeks an injunction to stay all proceedings against the Plaintiff as owner of the vessel in question with respect to the incident in question. Plaintiff also asks the court to set a monition period during which all claimants must file their claims.

The Estate has appeared in the instant action and has filed a motion concerning Supplemental Rule F proceedings. The Estate contends that Plaintiff has not met the requirements of the Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F(2) and therefore requests that the court deny Plaintiff's motion to set a monition period.

## DISCUSSION

We first note that, although Plaintiff characterizes his initial filing as a petition, it is properly characterized as a complaint. *See e.g. Joyce v. Joyce*, 975 F.2d 379, 381(7th Cir. 1992). The Estate contends that Plaintiff has not met the requirements of Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F(2), which govern 46 U.S.C.App. §§ 183, 185 of the Limitation of Shipowner's Liability Act. Plaintiff filed the instant action pursuant to 46 U.S.C.App. § 183(a)("Section 183") and 46 U.S.C.App. § 185 ("Section 185") which state the following:

§ 183. Amount of liability

(a) Privity or knowledge of owner; limitation

The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 U.S.C.App. § 183.

§ 185. Petition for limitation of liability; deposit of value of interest in court; transfer of interest to trustee

The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of

3

the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

46 U.S.C.App. § 185. Sections 183 and 185 are governed by Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F ("Rule F"). *Joyce*, 975 F.2d at 381 n.2. Rule F(2) requires a plaintiff to "set forth the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited." In re*In re Bisso Marine Co.*, 2003 WL 1193683, at *1 (E.D. La. 2003)(quoting Fed. R. Civ. P. Supp. Rule F(2)). Rule F(2) also requires a plaintiff to "state the voyage if any, on which demands sought to be limited arose, with the date and place of its termination. . . ." *Id.*

Plaintiff has set forth the date and time of the termination of the voyage indicating that the drowning occurred on July 28, 2003, around 8 a.m incident. However, Plaintiff has not sufficiently set forth the place of its termination. Plaintiff asserts the voyage occurred on Lake Erie. However, Lake Erie is an extremely large body of water. We find that such a general reference to the location

4

of the voyage is insufficient. *See In re Sunshine II v. Beavin*, 808 F.2d 762, 764 (11th Cir. 1987)(stating that since fault by the owner of the vessel impacts the applicability of the Limitation of Shipowner's Liability Act, the complaint must be "full and complete."). Neither has Plaintiff set forth sufficient fact to enable the court to determine the amount that his liability should be limited. Although Plaintiff has provided the necessary letter of undertaking, he has not provided sufficient facts indicating that he is entitled to any protection under the Limitation of Shipowner's Liability Act. Plaintiff merely states in a conclusory fashion that the drowning "was not due to the fault, design, neglect or want of due care on the part of the Petitioner . . ." (Compl. Par. 4). However, Plaintiff offers no facts whatsoever to accompany this general legal conclusion. Thus, Plaintiff has not provided sufficient allegation that would allow the court to proceed further in this action.

Plaintiff cited *In re Ingoglia*, 723 F.Supp. 512, 513 (C.D. Cal. 1989) and argues that the case supports his assertion that the Estate's arguments are improper at the dismissal stage of proceedings. First of all we note that Plaintiff cited to the wrong Federal Supplement volume number and failed to include a page number. Second, any such finding in *Ingoglia* would be dicta because in the case the court was addressing a summary judgment motion. *Id.* at 515. Third, *Ingoglia* is merely persuasive authority and is not controlling precedent. Fourth, the court merely indicated that "a determination of limitation" of liability would be improper at the dismissal stage. *Id.* We are not holding that Plaintiff's liability must be determined

5

at this juncture. Rather, we are holding that Plaintiff has not provided even the bare-bone facts necessary to indicate the potential absence of fault by Plaintiff thereby making the limitation of liability possible. Therefore, we grant the Estate's motion and deny Plaintiff's motion for injunctive relief and for a monition period. We shall give Plaintiff leave until October 21, 2004 to file an amended complaint.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiff's motion for injunctive relief and Plaintiff's motion to set a monition period. Plaintiff is given until October 21, 2004 to file an amended complaint. All other pending motions are denied as moot.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 10, 2004