# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| ) | |
| THE PETITION OF ) | No. 04 C 3550 |
| ROBERT G. LAURITSEN, AS THE ) | |
| OWNER OF A 2002 18FT TRACKER, ) | |
| TUNDRA POWER VESSEL, FOR ) | |
| EXONERATION FROM OR ) | |
| LIMITATION OF LIABILITY, ) | |
| ) | |
| Petitioner. ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on a motion brought by the Estate of Larry A. Lauritsen ("Estate") seeking to "to lift the injunction against other proceedings to permit the continuance of [the Estate's] suit in the court of common pleas of Lucas County, Ohio." This matter is also before the court on Plaintiff's request for approval of the value of the vessel, approval of undertaking, request for injunctive relief, and request for the entry of a monitions period in accordance with the amended complaint. For the reasons stated below, we deny the Estate's motion without prejudice and we grant Plaintiff's requests.

1

## BACKGROUND

Plaintiff Robert G. Lauritsen alleges that he is the owner of a 2002, 18 foot, Tracker Tundra power vessel. On July 28, 2003, the vessel was on Lake Erie. According to Plaintiff, around 8 a.m. Larry Lauritsen, a passenger on the vessel, fell overboard and drowned. Plaintiff has come before this court seeking exoneration from or limitation of liability pursuant to 46 U.S.C.App. § 183(a), 185 of the Limitation of Shipowner's Liability Act. Plaintiff asks the court to approve the value of his vessel and the undertaking of International Fidelity Insurance Company ("Fidelity") which possesses the vessel at this moment. Plaintiff also seeks an injunction to stay all proceedings against the Plaintiff as owner of the vessel in question with respect to the incident in question. Plaintiff also asks the court to set a monition period during which all claimants must file their claims.

The Estate appeared in the instant action and in June of 2004, and on June 7, 2004, the Estate filed a brief concerning its position in regards to Supplemental Rule F proceedings. The Estate contended that Plaintiff had not met the requirements of the Supplemental Rules for Certain Admiralty and Maritime Claims, Rule F(2) and therefore requested that the court deny Plaintiff's motion to set a monition period. On September 10, 2004, we denied Plaintiff's motion for injunctive relief and Plaintiff's motion to set a monition period, and we gave Plaintiff until October 21, 2004 to file an amended complaint. We also denied all other pending motions as moot. On October 19, 2004, Plaintiff filed an amended complaint. The Estate

responded by filing the instant motion.

## DISCUSSION

I. Prior Injunctive Relief

The Estate asserts in the instant motion that it has filed an action against Plaintiff in the Court of Common Pleas, Lucas, Ohio and the Estate seeks to have this court vacate prior injunctive relief provided to Plaintiff and to stay this action. The Estate asks this court "to permit [the Estate] to proceed" and asks for an "order lifting any injunction precluding [the Estate] from proceeding with [the Estate's] lawsuit against the plaintiff...." (Mot. 1). However, we have not yet granted any request by Plaintiff for injunctive relief. We denied Plaintiff's original request for injunctive relief. Plaintiff has filed an amended complaint and we have not yet ruled as to whether injunctive relief is appropriate under the amended complaint. Thus, to be precise, the Estate is requesting relief from injunctive relief that has never been granted by this court. As the court explained in *In re J.E. Brenneman Co., Inc.*, 277 F.Supp.2d 518 (E.D. Pa. 2003) "[p]ursuant to the statute and the rules promulgated thereunder, once a shipowner has filed his federal limitation action *in compliance with the law*, 'all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease.'" *Id.* at 522(emphasis added)(quoting in part 28 U.S.C. Rule F(3)). However, in the instant action, we found Plaintiff's original complaint to be deficient because it did not comply with

the requirements of Rule F(2) of the Supplemental Rules For Certain Admiralty and Maritime Claims. Thus, until we find that Plaintiff's amended complaint is filed "in compliance with the law" there is no injunctive relief in effect in this action. The Estate's motion is thus premature and is denied without prejudice.

We note that we do address the injunctive relief issue below, and we acknowledge that the Estate may seek to pursue a similar motion in the future to lift injunctive relief in regards to the amended complaint. However, Plaintiff should pursue such a motion in the proper context with a proper understanding of what rulings have been issued by this court.

II. Amended Complaint

Plaintiff has filed an amended complaint and brings the instant action pursuant to 46 U.S.C.App. § 183(a)("Section 183") and 46 U.S.C.App. § 185 ("Section 185") which state the following:

§ 183. Amount of liability

(a) Privity or knowledge of owner; limitation

The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in subsection (b) of this section, exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

4

46 U.S.C.App. § 183.

> § 185. Petition for limitation of liability; deposit of value of interest in court; transfer of interest to trustee
>
> The vessel owner, within six months after a claimant shall have given to or filed with such owner written notice of claim, may petition a district court of the United States of competent jurisdiction for limitation of liability within the provisions of this chapter and the owner (a) shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the interest of such owner in the vessel and freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title, or (b) at his option shall transfer, for the benefit of claimants, to a trustee to be appointed by the court his interest in the vessel and freight, together with such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of section 183 of this title. Upon compliance with the requirements of this section all claims and proceedings against the owner with respect to the matter in question shall cease.

46 U.S.C.App. § 185. Plaintiff has remedied all of the deficiencies that we noted in his original complaint when we denied his request for injunctive relief. Plaintiff now specifies that the accident occurred on Lake Erie near Cooley Canal. Plaintiff has now provided specific facts regarding the accident rather than general legal conclusions in regards to fault. The Estate has not filed any objection in regards to the substance of the amended complaint.

### A. Surety Undertaking

Rule F(1) of the Supplemental Rules For Certain Admiralty and Maritime Claims "requires the vessel owner to deposit with the district court or a trustee,

security in an amount equal to the 'value of the owner's interest in the vessel and pending freight.'" *In re Magnolia Marine Transport Co*, 301 F.Supp.2d 1283, 1284 (E.D. Okla. 2003). In accordance with Section 185, Plaintiff has deposited the vessel in question with Fidelity and Plaintiff contends that Fidelity has agreed to act as the surety for payment of the value of the vessel, its freight, and cargo, totaling $25,000.00. Plaintiff claims that he has provided the letter of undertaking which serves as the required bond in the amount of the vessel, plus six percent yearly interest. Having filed the above mentioned security, Plaintiff asked the court to approve the $25,000 figure as the value of his vessel and approve the undertaking by Fidelity. We approve the figure sworn to by Plaintiff and we approve the undertaking. We also note that Plaintiff acknowledges in his memorandum of law in support of his petition for exoneration from or limitation of liability that "[s]hould any claimant have concerns about the stipulated value of the vessel, they may move the court to review the adequacy of the security." (Mem. 5 n. 3).

### B. Monition Request

After a plaintiff shipowner has posted the proper security Rule F(4) of the Supplemental Rules For Certain Admiralty and Maritime Claims "instructs the district court to 'issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of court and to serve on the attorneys for the plaintiff a copy thereof on or

6

before a date to be named in the notice' [and,] [u]pon the shipowner's request, Rule F(3) directs the district court to 'enjoin the further prosecution of any action or proceeding against the plaintiff or plaintiff's property with respect to any claim subject to limitation in this action.'" *In re Magnolia Marine Transport Co*, 301 F.Supp.2d at 1284; *See Keys Jet Ski, Inc. v. Kays*, 893 F.2d 1225, 1226 (11th Cir. 1990)(acknowledging that a motions order is proper procedure); *In re Chinese Maritime Trust, Ltd.*, 478 F.2d 1357, 1359 (2nd Cir. 1973)(noting that after the stipulation of amount was approved the district court entered "the usual monition and restraining order enjoining the commencement of other proceedings in any jurisdiction for damages resulting from the casualty pending a determination in the limitation proceeding were given."). We grant Plaintiff's request to enjoin all other actions related to the July 28, 2003 incident and we shall set a monitions period. All claimants must file claims prior to August 8, 2005.

## CONCLUSION

Based on the foregoing analysis, we deny the Estate's motion to lift the injunctive relief without prejudice. We also approve the value of the vessel, approve the undertaking by Fidelity, grant Plaintiff's request for injunctive relief, and grant Plaintiff's request for a monitions period.

*[signature]*
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 24, 2005